IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANNON RIVENBARK, Individually and on behalf of all others similarly situated | § § § § | |
| *Plaintiff,* | § § | Civil Action No. _____ |
| v. | § § | |
| JPMORGAN CHASE & CO. | § § | JURY TRIAL DEMANDED |
| *Defendant* | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFF'S ORIGINAL COLLECTIVE COMPLAINT**

Plaintiff Shannon Rivenbark brings this action individually and on behalf of all current and former non-exempt call center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for JPMorgan Chase & Co. (hereinafter "Defendant" or "Chase"), at any time from December 14, 2014 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

**I.
OVERVIEW**

1.1   This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2   Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees of Chase who worked in call centers and were responsible for answering customer phone calls and assisting customers with their Chase bank account(s).

1.3 Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty hours per workweek.

1.4 Chase has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty hours each workweek on a routine and regular basis in the last three years.

1.5 Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

1.6 Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.7 Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1 Plaintiff Shannon Rivenbark ("Rivenbark") was employed by Chase within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Rivenbark did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2 The Putative Class Members are those current and former call center employees who were employed by Chase at any time from December 14, 2014 through the final disposition of this

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[2] The written consent of Shannon Rivenbark is hereby attached as Exhibit "A."

matter, and have been subjected to the same illegal pay system under which Plaintiff Rivenbark worked and was paid.

2.3     Defendant JPMorgan Chase & Co. (hereinafter "Chase") is a Foreign for-profit corporation, licensed to and doing business in Texas, and can be served with process through its registered agent, **C T Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.**

## III.
## JURISDICTION & VENUE

3.1     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Chase because the cause of action arose within this district as a result of Chase's conduct within this District and Division.

3.3     Venue is proper in the Southern District of Texas because Chase maintains a working presence throughout this District and Division and Plaintiff Rivenbark worked for Chase in this District and Division.

3.4     Specifically, Chase has maintained a working presence throughout the State of Texas (and the United States), and Plaintiff Rivenbark worked in Houston, Texas throughout her employment with Chase, all of which are located within this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Chase has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.2     At all times hereinafter mentioned, Chase has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production

of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.3     During the respective periods of Plaintiff and the Putative Class Members' employment by Chase, these individuals provided services for Chase that involved interstate commerce for purposes of the FLSA.

4.4     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.5     Specifically, Plaintiff and the Putative Class Members are (or were) non-exempt employees of Chase who assisted customers who live throughout the United States. 29 U.S.C. § 203(j).

4.6     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.7     The proposed class of similarly situated employees, i.e. putative class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all fraud call center employees who were employed by JPMorgan Chase & Co., at any time from December 14, 2014 through the final disposition of this matter" (the "Putative Class Members").

4.8     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Chase.

# V.
# FACTS

5.1    Chase is a leading global financial services firm and claims to serve, "nearly half of America's households with a broad range of financial services, including personal banking, credit cards, mortgages, auto financing, investment advice, small business loans, and payment processing."[3]

5.2    Upon information and belief, Chase is a publicly traded, global financial services firm operating throughout the United States, including Houston, Texas.

5.3    Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Chase's customers, answering customer inquiries, checking customer accounts, troubleshooting on behalf of customers, and identifying possible fraudulent purchases reported by customers.

5.4    Plaintiff Rivenbark was employed by Chase as a Fraud Analyst from approximately January 2010 until May 2016.

5.5    Plaintiff Rivenbark and the Putative Class Members are non-exempt employees paid by the hour.

5.6    Plaintiff Rivenbark and the Putative Class Members worked (and continue to work) approximately forty (40) of on the clock hours per week.

5.7    In addition to the forty (40) "on-the-clock" hours Plaintiff Rivenbark and the Putative Class Members worked, they also worked (and continue to work) approximately two and a half (2½) to five (5) hours of "off-the-clock" per week and they were not compensated for that time.

5.8    Plaintiff and the Putative Class Members were not (and continue to not be) compensated for all the hours they worked for Chase as a result of Chase's corporate policy and

---

[3] https://www.chase.com/digital/resources/about-chase.

practice of requiring all call center employees to be ready to take their first phone call the moment their official shift starts.

5.9     Specifically, Plaintiff Rivenbark and the Putative Class Members are required to start and log into their computer, open eight (8) to ten (10) different Chase computer programs, log in to each Chase program, and ensure that each Chase program is running correctly, all of which can take up to thirty (30) minutes to one (1) hour to have ready in order to take their first phone call, which comes in as soon as their official shift starts.

5.10    During this thirty (30) minutes to one (1) hour start up time, Plaintiff and the Putative Class Members were not compensated, yet they were expected to have completed this process in advance of their official start time.

5.11    Chase required Plaintiff and the Putative Class Members to be ready to accept their first customer call at the moment the employee's official shift starts. Chase also required that Plaintiff and the Putative Class Members must have logged on and have all the requisite computer programs running before their first phone call at the start of their official shift. As such, Chase required (and continues to require) that Plaintiff and the Putative Class Members perform these start up tasks "off-the-clock" before their official shift begins.

5.12    As a result of Chase's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform these start up tasks before their shifts begin, Plaintiff and the Putative Class Members were not (and continue to not be) compensated for all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA.

5.13    Chase employed (and continues to employ), other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff Rivenbark.

5.14 Chase was (and continues to be) aware of its obligation to pay overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members but failed to do so.

5.15 Because Chase did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Chase's pay policies and practices violated the FLSA.

## VI.
## CAUSES OF ACTION

**A. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

6.1 Chase violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2 Moreover, Chase knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

6.3 Chase knew or should have known its pay practices were in violation of the FLSA.

6.4 Chase is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

6.5 Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Chase to pay them according to the law.

6.6     The decisions and practices by Chase to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Putative Class Members are entitled to be paid their hourly rate for all straight time hours up to forty (40) hours, and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Chase's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were not paid.

6.9     Other similarly situated employees of Chase have been victimized by Chase's patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are identified as, "all call center employees who were employed by JPMorgan Chase & Co., at any time from December 14, 2014 through the final disposition of this matter."

6.11    Chase's failure to pay Plaintiff and the Putative Class Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Chase, and does not depend on the personal circumstances of Plaintiff or the Putative Class Members.

6.12    Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14 All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.16 Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL CALL CENTER EMPLOYEES WHO WERE EMPLOYED BY JPMORGAN CHASE & CO., AT ANY TIME FROM DECEMBER 14, 2014 THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

## VII.
## RELIEF SOUGHT

7.1 Plaintiff respectfully prays for judgment against Chase as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Chase to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Chase liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

   g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

   h. For an Order awarding Plaintiff a service award as permitted by law;

   i. For an Order compelling the accounting of the books and records of Chase; and

   j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: December 14, 2017   Respectfully submitted,

       **ANDERSON2X, PLLC**

     By: /s/ *Clif Alexander*
      **Clif Alexander**
      Federal I.D. No. 1138436
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Austin W. Anderson**
      Federal I.D. No. 777114
      Texas Bar No. 24045189
      austin@a2xlaw.com
      **Lauren E. Braddy**
      Federal I.D. No. 1122168
      Texas Bar No. 24071993
      lauren@a2xlaw.com
      **Carter T. Hastings**
      Federal I.D. No. 3101064
      Texas Bar No. 24101879
      carter@a2xlaw.com
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

      **Attorneys in Charge for Plaintiff and Putative Class Members**