IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANNON RIVENBARK and KAYLAH CASUCCIO, Individually and on behalf of all others similarly situated | § § § | |
| | § | Civil Action No. 4:17-cv-03786 |
| | § | JURY TRIAL DEMANDED |
| *Plaintiff,* | § § | COLLECTIVE ACTION |
| v. | § § | PURSUANT TO 29 U.S.C. § 216(b) |
| JPMORGAN CHASE & CO. | § § § | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b) |
| *Defendant* | § | |

### PLAINTIFFS' FIRST AMENDED COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiffs Shannon Rivenbark and Kaylah Casuccio bring this action individually and on behalf of all current and former non-exempt call center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for JPMorgan Chase & Co. (hereinafter "Defendant" or "Chase"), at any time from December 14, 2014 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), and O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts"), and Texas common law.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, and a class action pursuant to the laws of the State of Ohio and the State of Texas.

2. Plaintiffs and the Putative Class Members are those similarly situated persons worked for Chase in call centers throughout the United States at any time in the past three years through the final disposition of this matter, and were not paid for all hours worked in violation of state and federal law.

3. Specifically, Chase enforced a uniform company-wide corporate policy wherein it improperly required its non-exempt hourly employees—Plaintiffs and the Putative Class Members—to perform work off the clock and without pay.

4. Chase's company-wide policies caused Plaintiffs and the Putative Class members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiffs and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Chase has knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked in excess of forty hours each workweek on a routine and regular basis in the last three years.

7. Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA, Ohio Acts, or Texas common law.[1]

8. Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001); *Michigan Ass'n of Governmental Employees v. Michigan Dep't of Corr.*, 992 F.2d 82, 83 (6th Cir. 1993).

U.S.C. § 216(b), and to recover all damages owed under their Ohio and Texas state law claims as class actions pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiffs also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiffs also pray that the Rule 23 classes are certified as defined herein, and that Plaintiff Casuccio designated herein be named as Class Representative for the Ohio Acts Class and Shannon Rivenbark designated herein be named as Class Representative for the Texas Common Law Class.

## II.
## THE PARTIES

11. Plaintiff Shannon Rivenbark ("Rivenbark") was employed by Chase within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Rivenbark did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

12. Plaintiff Kaylah Casuccio ("Casuccio") was employed by Chase within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant three-year period. Plaintiff Casuccio did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

13. The Putative Class Members are those current and former call center employees who were employed by Chase at any time from December 14, 2014 through the final disposition of this

---

[2] The written consent of Shannon Rivenbark is on file with the Court at ECF 1-1.

[3] The written consent of Kaylah Casuccio is hereby attached as Exhibit "A."

matter, and have been subjected to the same illegal pay system under which Plaintiffs Rivenbark and Casuccio worked and were paid.

14. Defendant JPMorgan Chase & Co. (hereinafter "Chase") is a foreign for-profit corporation, licensed to and doing business in Texas. Chase has answered and appeared herein.

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

16. This Court has supplemental jurisdiction over the additional Ohio and Texas state law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Chase because the cause of action arose within this district as a result of Chase's conduct within this District and Division.

18. Venue is proper in the Southern District of Texas because Chase maintains a working presence throughout this District and Division and Plaintiff Rivenbark worked for Chase in this District and Division.

19. Specifically, Chase has maintained a working presence throughout the State of Texas (and the United States), and Plaintiff Rivenbark worked in Houston, Texas throughout her employment with Chase, all of which are located within this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## V.

**ADDITIONAL FACTS**

21. Chase is a leading global financial services firm and claims to serve, "nearly half of America's households with a broad range of financial services, including personal banking, credit cards, mortgages, auto financing, investment advice, small business loans, and payment processing."[4]

22. Upon information and belief, Chase is a publicly traded, global financial services firm operating throughout the United States, including Houston, Texas.

23. Plaintiffs and the Putative Class Members' job duties consisted of answering phone calls made by Chase's customers, answering customer inquiries, checking customer accounts, troubleshooting on behalf of customers, and identifying possible fraudulent purchases reported by customers.

24. Plaintiff Rivenbark was employed by Chase as a Fraud Analyst from approximately January 2010 until May 2016.

25. Plaintiff Casuccio was employed by Chase as a Credit Card Fraud Specialist 1 in Columbus, Ohio from approximately March 2017 to October 2017.

26. Plaintiffs and the Putative Class Members are non-exempt employees paid by the hour.

27. Plaintiffs and the Putative Class Members worked (and continue to work) approximately forty (40) of on the clock hours per week.

28. In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members worked (and continue to work) approximately two and a half (2½) to five (5) hours of "off-the-clock" per week and they were not compensated for that time.

29. Plaintiffs and the Putative Class Members were not (and continue to not be) compensated for all the hours they worked for Chase as a result of Chase's corporate policy and

---

[4] https://www.chase.com/digital/resources/about-chase.

practice of requiring all call center employees to be ready to take their first phone call the moment their official shift starts.

30. Specifically, Plaintiffs and the Putative Class Members are required to start and log into their computer, open multiple different Chase computer programs, log in to each Chase program, and ensure that each Chase program is running correctly, all of which can take up to thirty (30) minutes to one (1) hour to have ready in order to take their first phone call, which comes in as soon as their official shift starts.

31. During this start up time, Plaintiffs and the Putative Class Members were not compensated, yet they were expected to have completed this process in advance of their official start time.

32. Chase required Plaintiffs and the Putative Class Members to be ready to accept their first customer call at the moment the employee's official shift starts. Chase also required that Plaintiffs and the Putative Class Members must have logged on and have all the requisite computer programs running before their first phone call at the start of their official shift. As such, Chase required (and continues to require) that Plaintiffs and the Putative Class Members perform these start up tasks "off-the-clock" before their official shift begins.

33. As a result of Chase's corporate policy and practice of requiring Plaintiffs and the Putative Class Members to perform these start up tasks before their shifts begin, Plaintiffs and the Putative Class Members were not (and continue to not be) compensated for all hours, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

34. Chase employed (and continues to employ), other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

35. Chase was (and continues to be) aware of its obligation to pay overtime for all hours worked in excess of forty (40) each week to Plaintiffs and the Putative Class Members but failed to do so.

36. Because Chase did not pay Plaintiffs and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Chase's pay policies and practices violated the FLSA and Ohio Acts.

37. Because Chase did not pay Plaintiffs and the Putative Class Members for hours they worked on behalf of Chase, Chase's pay policies and practices also violated the Ohio Acts and Texas state law claims.

## VI.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.  FLSA COVERAGE**

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The FLSA Collective is defined as:

**ALL CALL CENTER EMPLOYEES WHO WERE EMPLOYED BY JPMORGAN CHASE & CO., AT ANY TIME FROM DECEMBER 14, 2014 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

40. At all times hereinafter mentioned, Chase has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

41. At all times hereinafter mentioned, Chase has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process

or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

42. During the respective periods of Plaintiffs and the Putative Class Members' employment by Chase, these individuals provided services for Chase that involved interstate commerce for purposes of the FLSA.

43. In performing the operations hereinabove described, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

44. Specifically, Plaintiffs and the Putative Class Members are (or were) non-exempt employees of Chase who assisted customers who live throughout the United States. 29 U.S.C. § 203(j).

45. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

46. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 39.

47. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Chase.

**B.  FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

48. Chase violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty

(40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

49. Moreover, Chase knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

50. Chase knew or should have known its pay practices were in violation of the FLSA.

51. Chase is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

52. Plaintiffs and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Chase to pay them according to the law.

53. The decisions and practices by Chase to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

54. Accordingly, Plaintiffs and the Putative Class Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

55. All previous paragraphs are incorporated as though fully set forth herein.

56. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Chase's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were not paid.

57. Other similarly situated employees of Chase have been victimized by Chase's patterns, practices, and policies, which are in willful violation of the FLSA.

58. The FLSA Collective Members are defined in Paragraph 39.

59. Chase's failure to pay Plaintiffs and the Putative Class Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Chase, and does not depend on the personal circumstances of Plaintiffs or the Putative Class Members.

60. Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

61. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

62. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

63. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

64. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Chase will retain the proceeds of its violations.

65. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

66. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 39 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of the Ohio Acts)**

**A.    OHIO ACTS COVERAGE**

67. All previous paragraphs are incorporated as though fully set forth herein.

68. The Ohio Acts Class is defined as:

**ALL CALL CENTER EMPLOYEES WHO WERE EMPLOYED BY JPMORGAN CHASE & CO., IN THE STATE OF OHIO, AT ANY TIME FROM FEBRUARY 16, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Ohio Acts Class" or "Ohio Acts Class Members").**

69. At all times hereinafter mentioned, Chase has been an employer within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(2).

70. At all times hereinafter mentioned, the Ohio Plaintiffs and the Ohio Acts Class members have been employees within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(3).

71. The Ohio Plaintiffs and the Ohio Acts Class Members were or have been employed by Chase since February 16, 2016, and have been covered employees entitled to the protections of the Ohio Acts and were not exempt from the protections of the Ohio Acts.

72. The employer, Chase, is not exempt from paying overtime benefits under the Ohio Acts.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OHIO ACTS**

73. All previous paragraphs are incorporated as though fully set forth herein.

74. The OMFWSA requires that employees, including the Ohio Plaintiffs and the Ohio Acts Class Members receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* O.R.C. § 4111.03.

75. The OPPA requires that Chase pay the Ohio Plaintiffs and the Ohio Acts Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15.

76. The Ohio Plaintiffs and the Ohio Acts Class Members were or have been employed by Chase since February 16, 2016, and have been covered employees entitled to the protections of the Ohio Acts.

77. Chase is an employer covered by the requirements set forth in the Ohio Acts.

78. The Ohio Plaintiffs and other Ohio Acts Class Members have not been exempt from receiving overtime benefits under the Ohio Acts.

79. The Ohio Plaintiffs and the Ohio Acts Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Chase violated the Ohio Acts by failing to pay the Ohio Plaintiffs and other Ohio Acts Class Members their hourly wage for all hours worked.

80. The Ohio Plaintiffs and the Ohio Acts Class Members were not paid the correct amount of overtime compensation for all hours worked over 40 per week.

81. Further, the Ohio Plaintiffs and the Ohio Acts Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

82. The wages of the Ohio Plaintiffs and the Ohio Acts Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

83. The Ohio Plaintiffs and the Ohio Acts Class Members have suffered damages and continue to suffer damages as a result of Chase's acts or omissions as described herein; though Chase is in possession and control of necessary documents and information from which the Ohio Plaintiffs would be able to precisely calculate damages. *See* O.R.C. § 4111.10.

84. In violating the Ohio Acts, Chase acted willfully, without a good faith basis, and with reckless disregard of applicable Ohio law.

85. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Ohio Acts, is defined in Paragraph 68.

86. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Chase.

C. **OHIO ACTS CLASS ALLEGATIONS**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The Ohio Plaintiffs bring their Ohio Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Chase to work in Ohio since February 16, 2016.

89. Class action treatment of the Ohio Plaintiffs' Ohio Acts claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

90. The number of Ohio Acts Members is so numerous that joinder of all class members is impracticable.

91. The Ohio Plaintiffs are members of the Ohio Acts Class, their claims are typical of the claims of other Ohio Acts Class Members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

92. The Ohio Plaintiffs and their counsel will fairly and adequately represent the Ohio Acts Class Members and their interests.

93. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

94. Accordingly, the Ohio Acts Class should be certified as defined in Paragraph 68.

## COUNT THREE
### (Class Action Alleging Violations of Texas Common Law)

A. **VIOLATIONS OF TEXAS COMMON LAW**

95. All previous paragraphs are incorporated as though fully set forth herein.

96. The Texas Common Law Plaintiffs further bring this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999

WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983).

97. The Texas Common Law Class is defined as:

**ALL CALL CENTER EMPLOYEES WHO WERE EMPLOYED BY JPMORGAN CHASE & CO., IN THE STATE OF TEXAS, AT ANY TIME FROM FEBRUARY 16, 2014 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Common Law Class" or "Texas Common Law Class Members").**

98. The Texas Common Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Chase. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F.Supp.3d 860, 867 (S.D. Tex. 2014).

99. The Texas Common Law Class Members provided valuable services for Chase, at Chase's direction and with Chase's acquiescence.

100. Chase accepted the Texas Common Law Plaintiffs' services and benefited from Plaintiffs' timely dedication to Chase's policies and adherence to Chase's schedule.

101. Chase was aware that Plaintiffs expected to be compensated for the services they provided to Chase.

102. Chase has therefore been benefited from services rendered by the Texas Common Law Class Members and the Texas Common Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

## B. TEXAS COMMON LAW CLASS ALLEGATIONS

103. The Texas Common Law Plaintiffs bring their Texas Common Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Chase to work in Texas since February 16, 2014. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

104. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

105. The number of Texas Common Law Class Members is so numerous that joinder of all class members is impracticable.

106. The Texas Common Law Plaintiffs are members of the Texas Common Law Class, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of the other class members.

107. The Texas Common Law Plaintiffs and their counsel will fairly and adequately represent the class members and their interests.

108. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

109. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 97.

## VI.
## RELIEF SOUGHT

110. Plaintiffs respectfully pray for judgment against Chase as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 39 and requiring Chase to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order certifying the Ohio Acts Class as defined in Paragraph 68 and designating Kaylah Casuccio as the Class Representative of the Ohio Acts Class.

    c. For an Order certifying the Texas Common Law Class as defined in Paragraph 97 and designating Shannon Rivenbark as the Class Representative of the Texas Common Law Class.

      d.      For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

      e.      For an Order awarding Plaintiffs, Opt-In Plaintiffs, and Class Members back wages that have been improperly withheld;

      f.      For an Order pursuant to Section 16(b) of the FLSA finding Chase liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

      g.      For an Order pursuant to the Ohio Acts awarding the Ohio Plaintiffs and the Ohio Acts Class Members all damages allowed by law;

      h.      For an Order pursuant to Texas Common Law awarding the Texas Common Law Plaintiffs and Texas Common Law Class Members all damages allowed by law.

      i.      For an Order awarding Plaintiffs, Opt-In Plaintiffs, and Class Members the costs of this action;

      j.      For an Order awarding Plaintiffs, Opt-In Plaintiffs, and Class Members attorneys' fees;

      k.      For an Order awarding Plaintiffs, Opt-In Plaintiffs, and Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

      l.      For an Order awarding Plaintiffs a service award as permitted by law;

      m.      For an Order compelling the accounting of the books and records of Chase; and

      n.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: February 16, 2018

Respectfully submitted,

**ANDERSON2X, PLLC**

By:    */s/ Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys in Charge for Plaintiffs and the Putative Class Members**

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                                  /s/ *Clif Alexander*
                                                                  Clif Alexander