# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SHANNON RIVENBARK and KAYLAH CASUCCIO, Individually and on behalf of all others similarly situated, § § § § | | |
| PLAINTIFFS, § | Civ. Action No. 4:17-cv-03786 | |
| § | | |
| v. § | | |
| § | | |
| JPMORGAN CHASE & CO., § § | | |
| DEFENDANT. § | | |

## DEFENDANT'S SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF CONDITIONAL CERTIFICATION AND NOTICE TO PUTATIVE CLASS MEMBERS

Dated: June 28, 2018

Respectfully submitted,

*/s/ Stefanie R. Moll*
Stefanie R. Moll
TX Bar No. 24002870
Fed ID 22861
stefanie.moll@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, TX 77002
T: 713.890.5000
F: 713.890.5001

ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE & CO.

Of Counsel:

Carrie A. Gonell
(admitted *pro hac vice*)
CA Bar No. 257163
carrie.gonell@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Blvd., Suite 1800
Costa Mesa, CA 92626
T: 714.830.0600
F: 714.830.0700

Sam S. Shaulson
(admitted *pro hac vice*)
NY Bar No. 2611457
sam.shaulson@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
T: 212.309.6000
F: 212.309.6001

T. Cullen Wallace
TX Bar No. 24072412
Fed ID No. 1383060
cullen.wallace@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX  77002
T:  713.890.5000
F:  713.890.5001

**I.     INTRODUCTION**

Plaintiffs attach a newly revised proposed notice (the "New Notice") to their reply brief purporting to address a fact they have conceded all along—that many putative collective action members have agreed to arbitrate their Fair Labor Standards Act ("FLSA") claims and, thus, cannot participate in this lawsuit. The New Notice nonetheless invites those individuals to submit consents to become Plaintiffs in this case. Plaintiffs' attempt to use the New Notice to solicit clients should be rejected because it is inconsistent with Supreme Court jurisprudence interpreting both the Federal Arbitration Act ("FAA") and the FLSA, and is misleading in content.

Plaintiffs also argue that the Court should disregard the declarations of 33 putative collective action members submitted with Chase's opposition brief. This argument fails, as the declarations provide persuasive, relevant evidence that the employees to whom Plaintiffs seek to send notice are not similarly situated. Plaintiffs' baseless assertion that these declarations were improperly obtained, which is alleged without factual or legal support, must be rejected, as each declaration indicates that it was signed voluntarily after the employees were apprised of this litigation and their potential claims.

**II.     ARGUMENT**

**A.     The Court should deny Plaintiffs' request to issue the New Notice to individuals who Plaintiffs concede cannot participate in this lawsuit.**

Plaintiffs seek Court approval to issue the New Notice to thousands of individuals who signed arbitration agreements with collective action waivers that preclude them from joining this lawsuit. According to Plaintiffs, the purpose of this notice is not to notify these individuals of their right to participate in this lawsuit—but only to apprise them of their "FLSA rights" in general. *See* Doc. No. 59 at p. 10. The issuance of such a notice, however, contravenes both the Supreme Court's recent holding in *Epic Syst. Corp. v. Lewis*, 138 S. Ct. 1612 (2018), and controlling

1

authority interpreting the FLSA.  Moreover, the content of Plaintiffs' New Notice is improper and misleading, and demonstrates that its true purpose is to solicit clients for Plaintiffs' counsel.

In *Epic,* the Supreme Court made clear that the claims in this case are subject to the parties' chosen arbitration procedures—and not the FLSA and its procedures.  *See Epic Sys.*, 138 S. Ct. at 5 (In enacting the FAA, "[n]ot only did Congress require courts to respect and enforce agreements to arbitrate; it also specifically directed them to respect and enforce the parties' chosen arbitration procedures.").  Plaintiffs here nevertheless seek to use the collective action procedure of 29 U.S.C. § 216(b) to issue the New Notice to arbitration signers on a collective basis in contravention of both *Epic* and the collective action waiver that the Supreme Court has directed must be enforced.  As *Epic* plainly holds, the FAA precludes the Court from authorizing the issuance of the New Notice to these individuals.  *See Epic Sys.*, 138 S. Ct. at 5 (reaffirming that the collective action procedure of the FLSA does "*not* displace the Arbitration Act or prohibit individualized arbitration proceedings.") (emphasis in original).

Moreover, Supreme Court precedent and the legislative history of the FLSA itself also make clear that notice to arbitration signers should not issue in this case.  In *Hoffman-La Roche v. Sperling*, 493 U.S. 165 (1989), the Supreme Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to **potential plaintiffs**." (emphasis added).  The purpose of notice is to apprise potential plaintiffs of the "pendency of the collective action, so they can make informed decisions about whether to join." *See Hoffman-La Roche*, 493 U.S. at 170.  Here, there is no decision to be made about whether to join by the Plaintiffs' proposed targeted population.  Indeed, Plaintiffs concede in their Reply that the individuals who signed arbitration agreements are neither potential plaintiffs nor able to join this lawsuit.  *See* Doc. No. 59 at pp. 8–11.  Further, Plaintiffs' request to issue notice to individuals

who cannot participate in this lawsuit is contrary to the legislative purpose of the notice procedure of Section 216(b), which is to prevent "excessive and needless litigation and champertous practices." *See* Portal-to-Portal Act of 1947, Pub. L. 49-80, 61 Stat. 84 (1947).  Thus, there is no legal basis for the Court to authorize the issuance of collective action notice to these individuals.[1]  *See id.*

Even if a notice should be sent to arbitration signers—which it should not—the New Notice is misleading, inaccurate, and constitutes nothing more than an attorney solicitation.  To this end, the New Notice:

- contains Plaintiffs' counsels' contact information in bold print and instructs the putative class members to contact them and to *not* contact Chase;
- encourages the putative class members to join this lawsuit purportedly because Plaintiffs and "seventy-six current and former Chase Call-Center Employees . . . have already joined" where, in fact, the vast majority of these individuals signed arbitration agreements;
- informs the putative class members that they "may" be required to submit their claim to arbitration if they signed an arbitration agreement, which is wholly inconsistent with Plaintiffs' position that they will not challenge the validity or enforceability of such agreements; and
- instructs individuals who may have signed arbitration agreements to nevertheless return a consent form to join this lawsuit so that Plaintiffs' counsel can directly "contact [them] to address the next step."

*See* Doc. No. 59 at Exhibit 2.  Chase objects to notice issuing to individuals who cannot join this case in general and specifically objects to the misleading language in the New Notice.

**B.    The Court should neither strike nor disregard Chase's declarations.**

In their initial motion, Plaintiffs state that courts generally base their decisions at the conditional certification stage on "the pleadings and **any** affidavits that have been submitted."  *See*

---

[1]   In *Ali v. Sugarland Petro.*, No. 4:09-cv-0170, 2009 WL 5173508, at *4 (S.D. Tex. Dec. 22, 2009), this Court authorized the issuance of notice to putative class members who signed arbitration agreements on the basis that it would determine the validity of the agreements at the merits stage of the case.  *Ali* is inapposite here, however, both because the Plaintiffs concede that they "are not challenging now (nor do they intend to challenge before this Court) the validity or enforceability of the arbitration agreements" and because the parties to the subject arbitration agreements delegated the determination of arbitrability to the arbitrator.  *See* Doc. No. 59 at p. 9.

3

Doc. No. 48 at p. 5 (emphasis added).  In their Reply, however, Plaintiffs now contend that "any affidavits" means only the 33 declarations that they submitted and not the 33 declarations that Chase submitted.  *See* Doc. No. 59 at pp. 7–8.  According to Plaintiffs, the Court should either strike or disregard Chase's declarations because they were allegedly obtained through "inappropriate *ex parte* conversations."  *See id.*  Plaintiffs are wrong.

First, Chase is not prohibited from speaking with current employees in order to gather declarations to oppose Plaintiffs' request for conditional certification by any law or rule, and Plaintiffs do not cite to any law or rule to support their assertion otherwise.  Moreover, Chase expressly informed each of the declarants of the existence of this lawsuit, explained the lawsuit to them, informed them that they are potentially eligible to join the lawsuit, and notified them that their declarations may be used by Chase to defend itself in the lawsuit—all of which is memorialized in each of the declarations that the employees signed.  *See* Doc. No. 53 at Exhibits 2–17, 19, 20, 32, 34–39, 42–44, 46.  Thus, Plaintiffs' allegations of impropriety are baseless.

Second, the authority on which Plaintiffs rely for the proposition that the Court should give no weight to Chase's so-called "happy camper" declarations is either distinguishable or mis-cited by Plaintiffs.  *See* Doc. No. 59 at pp. 7–8.  For example, Plaintiffs first cite to *Blake v. Hewlett Packard Co.*, No. 4:11-cv-592, 2013 WL 3753965, at *8 (S.D. Tex. July 11, 2013), and improperly claim that the Court in *Blake* found that "happy camper' declarations presented by the defendant to persuade the Court that putative class members were not similarly situated were of no value at the notice stage because it was 'not the appropriate time to weigh the merits of the case.'"  See Doc. No. 59 at p. 7.  This is not the conclusion of the Court at all, however, but rather a recitation of an argument made by the plaintiffs that the Court rejected.  The Court actually held:

> Plaintiffs counter that these 'happy camper' declarations are of no value because they go to the merits of the case rather than to the issue of conditional certification.

4

> Indeed, this is not the appropriate time to weigh the merits of the case. The importance of the employees' affidavits, however, is not that they impact the merits of Blake's claim, but that they undermine the usefulness of his class definition . . . .

*Blake*, 2013 WL 3753965 at *11. Thus, far from ignoring the defendant's declarations, the Court actually relied on them in denying the plaintiff's motion for conditional certification. *See id.* Notwithstanding the Plaintiffs' misinterpretation of the case law, they are correct that the *Blake* Court's rationale applies to this case.[2]

Chase's declarations are important because they demonstrate that there are material differences among the putative class members with respect to Plaintiffs' allegation that Chase has a uniform, unlawful policy of requiring its non-exempt call-center employees to perform work off the clock in order to be call-ready at the start of their shifts. Indeed, the declarations show, among other things, that: not all call-center employees are expected to be call-ready at the start of their shift; some call-center employees are paid for log-in time prior to the start of their shift; not all call-center employees take in-bound calls and these employees, therefore, have no need to be call-ready; and not all call-center employees are measured based on their adherence score, which is the metric that Plaintiffs contend drives the call-ready requirement. *See* Doc. No. 54. The evidence before this Court demonstrates that the non-exempt call-center employees are not similarly situated, and thus, the Court should deny Plaintiffs' motion for conditional certification and notice.

---

[2] Plaintiffs also cite *Jenson v. Eveleth Taconite* 139 F.R.D. 657 (D. Minn. 1991), a class action gender discrimination case, for the proposition that the Court "discount[ed] the credibility of affidavits offered by the corporate defendant's current employees." *See* Doc. No. 59 at p. 8. This proposition, however, is not found in *Jenson*. Similarly, Plaintiffs cite *Wells Fargo Home Mortgage Overtime Pay Litigation*, 527 F. Supp. 2d 1053, 1060 (N.D. Cal. 2007), for the proposition that "declarations from employers" have "glaring reliability concerns," when, in fact, the Court found that both parties' declarations had "glaring reliability concerns."

Respectfully submitted,

*/s/ Stefanie R. Moll*
Stefanie R. Moll
TX Bar No. 24002870
Fed ID 22861
stefanie.moll@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, TX  77002
T:  713.890.5000
F:  713.890.5001

ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE & CO.

Of Counsel:

Carrie A. Gonell
(admitted *pro hac vice*)
CA Bar No. 257163
carrie.gonell@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Blvd., Suite 1800
Costa Mesa, CA  92626
T: 714.830.0600
F: 714.830.0700

Sam S. Shaulson
(admitted *pro hac vice*)
NY Bar No. 2611457
sam.shaulson@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY  10178
T: 212.309.6000
F: 212.309.6001

T. Cullen Wallace
TX Bar No. 24072412
Fed ID No. 1383060
cullen.wallace@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX  77002
T:  713.890.5000
F:  713.890.5001

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 28th day of June 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Clif Alexander
Austin W. Anderson
Lauren E. Braddy
A<span style="font-variant:small-caps">NDERSON</span>2X, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401

A<span style="font-variant:small-caps">TTORNEYS FOR</span> P<span style="font-variant:small-caps">LAINTIFF</span>

                                      */s/ Stefanie R. Moll*
                                        Stefanie R. Moll